**Satish KUMAR, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70342.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 29, 2009.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Richard M. Evans, Esquire, Assistant Director, Nancy Ellen Friedman, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Satish Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and de novo claims of due process violations, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition for review.

The government's submission of a nearly identical declaration prepared by another asylum applicant provides substantial evidence to support the agency's finding that Kumar submitted a false document. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Because the genuineness of this document went to the heart of Kumar's asylum claim, substantial evidence supports the agency's adverse credibility determination. *See id.* In the absence of credible evidence, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kumar's CAT claim is based on the same evidence the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if he returns to India, his CAT claim fails. *See id.* at 1157.

Finally, we reject Kumar's contention that the IJ erred in admitting the declaration and in not allowing Kumar an opportunity to cross-examine the preparer of the declaration because Kumar has not demonstrated that the proceedings were "so fundamentally unfair that [Kumar] was prevented from reasonably presenting his case." *Colmenar,* 210 F.3d at 971 (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.